Edward A. SOSA, Appellant
(Claimant below),

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as Constituting the Review Board of the Indiana Employment Security Division; and Rockwell International, Appellees (Respondents below).

No. 2-881A267.

Court of Appeals of Indiana,
Second District.

March 23, 1982.

Kelly Leeman & Associates by Patrick A. Schuster, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Edward A. Sosa appeals from a decision of the Review Board of the Indiana Employment Security Division (Board) denying him a Trade Readjustment Allowance (TRA) under the Federal Trade Act of 1974.

Sosa raises two issues on appeal:

1. Whether the Board erred in failing to make specific findings as to all of the issues;

2. Whether the Board erred as a matter of law in refusing to grant Sosa's claim for a TRA.

Because we reverse and remand this case for further findings by the Board, we do not deal with the second issue.

■ An administrative board must make findings which contain all the specific facts relevant to the contested issues. *Jones v. Review Board of the Indiana Employment Security Division,* (1980) Ind.App., 405 N.E.2d 601; *Indiana Bell Telephone Co., Inc. v. Owens,* (1980) Ind.App., 399 N.E.2d

443. When the decision of an administrative board denies an award, the findings of fact must exclude every possibility of recovery. If the findings do not do so, the cause should be remanded to the board. *Jones.*

■ In this case, the dispute is whether Sosa was an "adversely affected worker covered by a certification" and thus eligible for a Trade Readjustment Allowance.[1] On December 15, 1980, the Department of Labor certified:

"All workers of Rockwell International, Incorporated, Logansport, Indiana engaged in employment related to the production of suspension springs who became totally or partially separated from employment on or after June 16, 1979 are eligible to apply for adjustment assistance under Section 223 of the Trade Act of 1974."

At the same time, the Department of Labor refused to certify the Rockwell employees who worked in the production of mechanical springs.

The Board found Sosa worked in the production of mechanical springs and thus was not eligible for a TRA.[2] However, the evi-

---

1. 19 U.S.C. § 2291 establishes the following requirements which a worker must satisfy to qualify for TRA:

"Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application for such allowance for any week of unemployment which begins after the date specified in such certification pursuant to section 2273(a) of this title, if the following conditions are met:

(1) Such worker's last total or partial separation before his application under this part, occurred—

(A) on or after the date, as specified in the certification under which he is covered, on which total or partial separation began or threatened to begin in the adversely affected employment, and

(B) before the expiration of the 2-year period beginning on the date on which the determination under section 2273 of this title was made, and

(C) before the termination date (if any) determined pursuant to section 2273(c) of this title; and

(2) Such worker had, in the 52 weeks immediately preceding such total or partial separation, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm, or, if data with respect to weeks of employment are not available, equivalent amounts of employment computed under regulations prescribed by the Secretary."

2. The Board findings are as follows:

"The Review Board finds that the production of suspension springs was certified as adversely affected employment, petition TAW 9055 with impact date June 16, 1969 and expiration date December 15, 1982.

"It further finds that claimant was employed as a furnace operator in the production of mechanical springs and laid off February 22, 1980. "It further finds that the mechanical spring production employees were not certified by the United States Secretary of Labor as adversely affected employment.

"It further finds that during the .52 weeks immediately preceding claimant's layoff he did not have 26 weeks or more in adversely

dence introduced at the hearing is undisputed that Sosa was engaged in the production of suspension as well as mechanical springs. Sosa testified:

"[S]uspension springs would come up to my department and we would handle the suspension springs and mechanical springs."

R. at 8.

William Gaeter, industrial relations director at Rockwell testified:

"Q. Did his work involve him in the production of suspension springs?

A. Did not. Not the suspension springs that are cited here in the ... award.

Q. No?

A. No. Mr. Sosa's suspension springs normally came out of the plant 5 operation."

R. at 9.

Gaeter went on to explain Rockwell operates two businesses under one roof: "We are basically two distinct businesses under one roof in our plant. One is the mechanical spring which we lump some suspension springs when we talk about our mechanical business. The other one is our automotive suspension springs which come out of our plant two facility." R. at 9–10. Gaeter stated the Department of Labor certification was *intended* to apply only to the plant two suspension spring business. However, the Department of Labor certification does not, nor did the Board so find. The certification refers only to "suspension springs" and makes no distinction between those related to automotive uses and any other suspension springs produced by Rockwell.

The Board argues because its finding that Sosa was employed in the production of mechanical springs is supported by evidence we must accept it. We agree. However, we find the Board erred in failing to make a finding as to whether Sosa's employment also involved the production of suspension springs covered by the certification.

The Secretary of Labor of the United States has prescribed regulations necessary to carry out the provisions of the Trade Act. 29 C.F.R. § 91.7 (1981) lists the qualifying requirements [3] for TRA.

The qualifying requirement at issue is:

"(a) *Certification.* The individual must be an adversely affected worker covered by a certification."

29 C.F.R. § 91.7(a) (1981)

The term of art, "adversely affected worker" is defined as:

"(4) 'Adversely affected worker' means an individual who, because of lack of work in adversely affected employment:

(i) Has been totally or partially separated from such employment, or

(ii) Has been totally separated from employment with the firm in a subdivi-

affected employment earning $30 or more in each of the 26 weeks.

"The Review Board concludes that claimant had less than 26 weeks in adversely affected employment immediately preceding his layoff February 22, 1980, therefore, is not entitled to Trade Readjustment Allowances."

**3.** "§ 91.7 Qualifying requirements.

"To qualify for a trade readjustment allowance an individual must meet each of the following requirements.

(a) *Certification.* The individual must be an adversely affected worker covered by a certification.

(b) *Separation.* The individual's last separation must occur:

(1) On or after the impact date;

(2) Before the expiration of the 2 year period following the date of the certification;

(3) Before the termination date, if any, of the certification;

(4) Not more than one year before the date of the petition on which certification was granted, except as provided in section 246(b) of the Act; and

(5) Not before October 3, 1974, except as provided in section 246(b) of the Act.

(c) *Wages and employment.* In the 52 weeks preceding the individual's last separation the individual must have at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm. Evidence that an individual meets this requirement shall be obtained as stated in § 91.8."

sion of which such adversely affected employment exists."

29 C.F.R. § 91.3(4) (1981)

"Adversely affected employment" is defined as:

"(3) 'Adversely affected employment' means employment in a firm or appropriate subdivision of a firm if workers of such firm or subdivision are certified under § 90.16 of this title as eligible to apply for adjustment assistance."

29 C.F.R. § 91.3(3) (1981)

■ We conclude an employee of a firm or of a subdivision of a firm which has a certified subdivision may receive TRA benefits as an adversely affected employee under two situations. First, an employee may receive benefits if the employee works for the certified firm or in the certified subdivision of a multi-division firm. However, an employee of a non-certified subdivision of a multi-division firm which has a certified subdivision may also qualify for benefits if the employee:

1. is totally separated from his employment, *and*

2. his total separation is the result of lack of work in the certified subdivision.

Only this construction gives meaning to each subsection of section (4) of 29 C.F.R. § 91.3 (1981). The only other possible construction would qualify an employee of a certified firm if the employee is either totally or partially separated from employment whereas an employee of a certified subdivision of a multi-division firm qualifies only if he is totally separated.

We hold it is unreasonable to adopt this second interpretation which would attribute to Congress such an apparent, unreasonable disparity of treatment among employees without a clear legislative expression to do so.

There is evidence Sosa was "bumped" from his employment by an employee with more seniority from the automotive suspension spring plant 2 operation of Rockwell. However, the Board also failed to make a finding on this essential issue.

Because the Board has failed to make findings on essential issues, we reverse and remand for further proceedings.

BUCHANAN, C. J., and SULLIVAN, J., concur.